Rutledge, Ch. J.
This is a matter which turns upon the use or neglect of due diligence, which is a subject very proper for tlie consideration of merchants, in which the course and usage of trade in this country, as well as its local situation, ought to be brought into view, and duly weighed. In England, where there are great monied capitals, and backing establishments, from whence money can at all times be *331 easily drawn to answer the purposes of trade, by men in good and solvent circumstances, a greater degree of strictness is observed, than can easily be established in this country ; especially among planters, who can only bring their crops to market at one season of the year, and who are often obliged to sell them on a credit to the merchants ; who are, on the other hand obliged, from the nature of trade, to give large credits to the planters. In this kind of mutual intercourse then, the strict rules observed in England, with regard to promissory notes, are not altogether applicable to the local situation of Carolina. The great question for the jury, therefore, in this case, is, whether a reasonable diligence has been used or not ? Such as a prudent man, in his ordinary affairs, would observe, where his own interest only was immediately concerned. But it must be recollected also, that this note was indorsed over, after it was due, and therefore the law presumes in such case, that the indorsee took it upon the credit of the in-dorser, and not upon the credit of the drawer. (3 Durn. & East, 80. 83.) It is in such case considered as a new drawn note, by the indorser. Under these circumstances, therefore, although the indorsee may recover against the drawer, it is not subject to such strict rules as a note would be which was indorsed before due. In every such case, the indorsee himself must have given indulgence to the drawer, before he negotiated it; and it would be hard indeed, if the holder should suffer for a further reasonable indulgence afterwards, which the indorser himself had shewn before he indorsed it. Besides, the instalment law altered the nature of proceedings here exceedingly. The very end and design of it was to create delay, and to throw-obstacles in the way of recovering debts. Upon the whole, I am clearly of opinion, that instead of an unreasonable de= lay, very unusual diligence has been used, ©f this, haw-ever, the jury are to judge.
Burkk, J.
of the same opinion.-
*332 Bay, J.
coincided, but grounded his opinion principally on the circumstance of the note being indorsed after it became due, which made all the rules respecting due diligence inapplicable.
The jury, without retiring from the box, returned ?, verdict for the plaintiff.